NATHAN J. ZERBIB-BERDA, ESQ. (SBN 282902)
Email: nathan@nzblegal.com
**THE LAW OFFICE OF NATHAN ZERBIB-BERDA**
2600 W. Olive Ave. Ste. 500
Burbank, California 91505
Phone: (818) 724-9798
Fax: (877) 749-6841

Attorney for PLAINTIFF,
BRENT NUSSBAUM

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT NUSSBAUM, an individual, | CASE NO. |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | **1. NEGLIGENCE – MOTOR VEHICLE** |
| UNITED STATES OF AMERICA; UNITED STATES POSTAL SERVICE | |
| Defendant. | |

COMES NOW PLAINTIFF BRENT NUSSBAUM, complaining of Defendants and alleges as follows:

///
///
///
///
///
///
///
///
///

COMPLAINT

## I.

## JURISDICTION

1. This action is brought pursuant to the Tort Claims Act, 28 U.S.C. §2671 et seq Jurisdiction is founded on 29 U.S.C. §§1346(b).

## II.

## VENUE

2. Venue is proper in the Central District of California. The motor vehicle accident giving rise to this complaint occurred near Foothill Blvd. near Chevy Chase Blvd. in La Canada Flintridge, CA 91011 which is within the present judicial district. Plaintiff also resides within this judicial district.

## III.

## PARTIES

3. Plaintiff Brent Nussbaum (hereafter "PLAINTIFF") is and at all relevant times was a resident of Los Angeles County, California.

4. At all times relevant herein, the Defendant THE UNITED STATES OF AMERICA is a governmental entity. The Defendant UNITED STATES POSTAL SERVICE was and is an agency of the Defendant THE UNITED STATES OF AMERICA.

## IV.

## FACTS COMMON TO ALL ACTIONS

5. On December 8, 2019, Plaintiff was parked in his vehicle on Foothill Blvd. near Chevy Chase Blvd Without warning, Plaintiff was struck by a United States Post Office truck from behind when the truck attempted to change lanes. It appears the truck attempted to avoid the collision but the roads were wet and he collided with Plaintiff. Plaintiff estimates the truck was travelling 35mph at the time of collision and it was a severe impact. On information and belief, the vehicle was operated by a UNITED STATES POSTAL SERVICE employee.

6. On said date, the driver of the United States Postal Service vehicle, an employee of Defendants UNITED STATES OF AMERICA, UNITED STATES POSTAL SERVICE drove carelessly, negligently and with extreme recklessness, including, but not limited to, changing lanes and rear-ending Plaintiff.

7. In so causing the collision, the driver of the UNITED STATES POSTAL SERVICE vehicle, an employee of Defendants UNITED STATES OF AMERICA, UNITED STATES POSTAL SERVICE carelessly and negligently struck Plaintiff who was in his car and parked legally.

8. On November 2, 2021, the Plaintiff submitted a claim for $10,000,000 based on the allegations herein to the United States Postal Office. A written denial was received March 16, 2023. Accordingly, Plaintiff has complied with the requirements of the Federal Tort Claims Act for the timely filing of claims. Plaintiff hereby institutes the present lawsuit.

## V.

## FIRST COUNT/CAUSE OF ACTION
## NEGLIGENT OPERATION OF A MOTOR VEHICLE

9. Plaintiff incorporates herein by reference paragraphs 1 through 8, above as though fully set forth herein.

10. On December 8, 2019 a UNITED STATES OF AMERICA, UNITED STATES POSTAL vehicle was operated by a UNITED STATES OF AMERICA agent or employee, as he was in the course and scope of his/her employment with Defendants UNITED STATES OF AMERICA, UNITED STATES POSTAL SERVICE.

11. The UNITED STATES OF AMERICA, UNITED STATES POSTAL SERVICE employee was driving negligently and carelessly, including but not limited to rear-ending the PLAINTIFF.

12. The UNITED STATES OF AMERICA, UNITED STATES POSTAL SERVICE and its agents and employee acted carelessly, recklessly, unskillfully, unlawfully, tortiously, wantonly and wrongfully entrusted, permitted, managed, serviced, repaired, inspected, maintained, operated, controlled, and drove the Post Office vehicle as to proximately cause the same to collide against the vehicle in which Plaintiff, BRENT NUSSBAUM, was then driving, as aforesaid, thereby proximately causing the injuries and damages hereinafter mentioned.

13. The UNITED STATES OF AMERICA, UNITED STATES POSTAL SERVICE employee, was also negligent in failing to keep attentive as to his or her whereabouts and oncoming traffic. Said Defendant knew or should have known not to rear-end Plaintiff, all of

which negligence, carelessness and recklessness constituted the proximate cause of him striking the Plaintiff.

14. As a proximate result of each and all of the aforesaid acts and omissions of the Defendants, Plaintiff was injured about his body and its members and was rendered sick, sore, lame and disabled, and was injured in health, strength and activity, a portion of said injuries being permanent. As a result of said injuries, Plaintiff has had, and in the future will have, physical, mental and emotional pain, suffering, worry and anxiety.

15. As a proximate result of each and all of the aforesaid acts and omissions of the Defendants, Plaintiff suffered grave and serious mental anguish, fear, anxiety and illness, a portion of said injuries being permanent. As a proximate result of said injuries and damages, Plaintiff has had, and in the future will have, physical, mental and emotional pain, suffering, worry and anxiety.

16. By reason of said injuries, Plaintiff has incurred, and probably will incur in the future, hospital, surgical, ambulance, medical, nursing and household expenses, all to his further damage.

17. By reason of said injuries, Plaintiff was unable to do his usual work for a period of time, has been unable to do a portion of his work since that time, will be partially disabled in the future and have sustained damage to his future earning capacity, all to their damage, according to proof.

18. By reason of said injuries, Plaintiff has sustained damage to his future earning capacity, all to his further damage, according to proof.

19. As a proximate result of each and all of the aforesaid acts and omissions of the Defendants, Plaintiffs' vehicle was a total loss.

20. By reason of said collision, Plaintiff was deprived of the use of a vehicle for a period of time, all to Plaintiffs' further damage, according to proof.

DATE: November 2, 2021                NATHAN ZERBIB-BERDA, ESQ.

By: _____
Attorney for Plaintiff

- 4 -
COMPLAINT